Near the back gate in a "little clay hole" a coil was found. From a small boy of appellant's the officer received information which caused him to follow a trail out the back way from the dwelling house through a cane patch about 100 yards from the house where he found a 2-gallon jug of homemade whisky. The defendant was not at home at the time. He was found that night some 12 or 13 miles from there, at what is called the "Kirby Camp." He was sitting by a pine knot fire where there were some half dozen negroes. He had been at home a few days before the search. No one lived at the place except the defendant, his wife and nine year old boy. Defendant denied having used the equipment found at his place in making whisky, or of having placed the jug of whisky at the point where it was found by the officer.

The court properly instructed the jury that the case was one in which the state relied upon circumstantial evidence. We do not feel called upon to disturb the finding of the jury, believing the evidence authorized the conclusion reflected by the verdict.

The judgment is ordered affirmed.

---

## WILLIAMSON v. STATE. (No. 9326.)

(Court of Criminal Appeals of Texas. April 1, 1925.)

1. Criminal law ⬅️1090(7)—Bill of exceptions necessary for review of denial of continuance.

Denial of continuance cannot be reviewed, in the absence of bill of exceptions complaining thereof.

2. Criminal law ⬅️1122(4) — Statement of facts necessary for review of denial of instructions.

Denial of special charges cannot be reviewed, without a statement of facts showing their applicability.

Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge.

Charlie Williamson was convicted of receiving and concealing stolen property, and appeals. Affirmed.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in criminal district court No. 2 of Dallas county of receiving and concealing stolen property, and his punishment fixed at four years in the penitentiary.

[1, 2] The record is before us without a statement of facts. The court overruled appellant's application for a continuance, which action cannot be reviewed, in the absence of a bill of exceptions complaining.

thereof. There are a number of special charges which were requested and refused, the applicability of which could only be determined by us from an examination of the facts, and in the absence of a statement of facts we are unable to appraise the possible error in the refusal of such special charges. There are no formal bills of exception in the record.

Finding no error in the record, the judgment will be affirmed.